UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK M. REYNOLDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-24-641-R |
| | ) |
| CARRIE BRIDGES, | ) |
| | ) |
| Respondent. | ) |

# ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Chris M. Stephens [Doc. No. 23]. Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] challenging a criminal judgment of the District Court of Oklahoma County, Oklahoma. Respondent filed a Pre-Answer Motion to Dismiss [Doc. No. 15] arguing that the Petition was untimely. Judge Stephens recommends that Respondent's Motion be denied because, although Petitioner filed his Petition one day after the limitations period, he is entitled to equitable tolling for a period of seven days, which renders his filing timely.

Respondent did not file an objection to the Report and has therefore waived further review of all issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Although the Report concluded that the Petition was not time-barred, Petitioner has filed a partial Objection [Doc. No. 26] which requires the Court to make a *de novo*

1

determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner objects to Judge Stephen's conclusion that the period of time that elapsed while Petitioner's improperly filed First Application for Post-Conviction Relief (FAPCR) was pending is not subject to equitable tolling. As Judge Stephens explained in his Report, equitable tolling of the limitations period may be appropriate "when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). However, to warrant equitable tolling in that situation, a petitioner must generally make "reasonable, diligent efforts to comply with procedural rules." *Loftis v. Chrisman*, 812 F.3d 1268, 1275 (10th Cir. 2016). Judge Stephens concluded that Petitioner failed to establish that it was reasonable for him to believe that his FAPCR was properly filed and that Petitioner should have been aware that his filing lacked the required verification page.

In his Objection, Petitioner contends that he did not receive a complete copy of his FAPCR, which prevented him from identifying any defects in the filing. The state court docket sheet reflects that a copy of the FAPCR was sent to Petitioner and, further, Oklahoma's procedural rules are clear that a post-conviction action "is commenced by filing a verified 'application for post-conviction relief.'" Okla. Stat. tit. 22, § 1081. Plaintiff's FAPCR did not comply with this rule and the Court is not persuaded that he has met his burden of showing that it was reasonable for him to believe his filing was sufficient to ensure state court review or that he acted with the requisite diligence in filing his

FAPCR. The Court therefore agrees with Judge Stephens that equitable tolling for the period that the FAPCR was pending is not warranted.

But the Petition is timely regardless. Judge Stephens recommends that the limitations period be equitably tolled for the seven-day period that Petitioner was waiting for prison officials to respond to his request for financial information, which would render the Petitioner timely filed. Neither party objects to this recommendation.

The Report and Recommendation [Doc. No. 28] is therefore ADOPTED and Respondent's Pre-Answer Motion to Dismiss Habeas Corpus Petition as Time-Barred Under the Statute of Limitations [Doc. No. 15] is DENIED. This action remains referred consistent with the initial case referral.

IT IS SO ORDERED this 6th day of March, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE